IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| NEIL H. F.,[1] | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Civil Action No. 4:21CV056 (RCY) |
| KILOLO KIJAKAZI,[2] Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

This matter is before the Court on a Report and Recommendation ("R&R," ECF No. 23) from United States Magistrate Judge Douglas E. Miller filed on February 15, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 17, 20), which Plaintiff and Defendant respectively filed on October 26, 2021, and November 26, 2021. Plaintiff objected to the R&R, and Defendant responded (ECF Nos. 24, 25). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. E.D. Va. Loc. Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

(E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))). In conducting its review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The R&R thoroughly details the factual and procedural history of this matter. (R&R at 1-11, ECF No. 23.) This matter involves Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (*Id.* at 1); s*ee* 42 U.S.C. § 405(g). Plaintiff alleged disability beginning on May 10, 2019.[3] (R&R at 2-3.) Plaintiff filed two applications. He filed the first, for DIB and supplemental social security income ("SSI"), on July 18, 2018. He "alleged disability beginning November 12, 2017, based on right and left knee surgery, degenerative disc disease ("DDD"), sleep apnea, nerve damage, neck pain, and back pain." (*Id.* at 2.) Plaintiff's application was denied, both initially and upon reconsideration. (*Id.*) Administrative Law Judge William Pflugrath ("ALJ Pflugrath") then held a hearing at Plaintiff's request on February 15, 2019, and thereafter denied Plaintiff's claims for DIB and SSI, finding that he was not disabled during the alleged period. (*Id.*) Plaintiff did not file an action in federal court contesting this decision. (*Id.*)

On July 12, 2019, Plaintiff filed for DIB, alleging the same onset date—November 12, 2017. (*Id.*) He alleged disability based on "radiculopathy, sciatica, osteoarthritis of the knee, and knee surgery for a torn meniscus." (*Id.* at 3.) Plaintiff requested a hearing and amended his alleged onset date to May 10, 2019. (*Id.*) The hearing was held on February 25, 2020. (*Id.*)

Following that hearing, ALJ Maryann S. Bright ("ALJ Bright") found that Plaintiff was

---

[3] Plaintiff's initial onset date was November 12, 2017, but he later amended his alleged onset date to May 10, 2019. (R&R at 2-3.)

not disabled under the Social Security Act. (*Id.*)  She found several "severe impairments," specifically "DDD; foraminal stenosis of cervical region; cervical spondylosis with radiculopathy; osteoarthritis of the bilateral knees; and fibromyalgia syndrome." (*Id.*)  But she also found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain limitations. (*Id.*)

ALJ Bright followed a five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. (*Id.* at 13); *see Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4).

"At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date." (R&R at 14.)  Next, "[a]t step two, the ALJ found that Plaintiff suffered from the following severe impairments: DDD; foraminal stenosis of cervical region; cervical spondylosis with radiculopathy; osteoarthritis of the bilateral knees; and fibromyalgia syndrome." (*Id.*)  Then, "[a]t step three, the ALJ found that Plaintiff did not suffer from a listed impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." (*Id.*)  After step three, the "ALJ developed a finding regarding Plaintiff's RFC," determining that Plaintiff was able:

> to perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a).  Further, he can never climb ladders, ropes or scaffolds and never crawl or kneel.  He can occasionally climb ramps and stairs, occasionally stoop, occasionally crouch, and occasionally balance.  He can tolerate no more than occasional exposure to extreme heat, extreme cold, wetness, vibration, and hazards of operating dangerous vehicles

> and machinery and working around unprotected heights. He is limited to occasional reaching overhead, and is capable of frequent reaching in all other directions, frequent handling and frequent fingering and/or fine manipulation with his left upper extremity. He is capable of frequent cervical rotation (turning head from left to right).

(*Id*. at 14-15) (citation to Record omitted.)

ALJ Bright determined at step four that Plaintiff was not able to perform to his past relevant work, but that he had "acquired transferrable work skills, and that jobs existed in the national economy that Plaintiff could perform." (*Id*. at 15.) At step five, ALJ Bright found that "Plaintiff was not disabled." (*Id*.) In making her findings that Plaintiff had the RFC to perform sedentary work with various physical limitations, ALJ Bright stated that she

> considered the findings of Administrative Law Judge Pflugrath because the previously adjudicated period is close in time to the period now being adjudicated . . . . The undersigned gives these findings significant weight because there is no evidence since that decision to support significant changes. The claimant underwent surgery after the decision but the follow-up notes show only improvement in the left arm pain, so the residual functional capacity from the prior decision gives him the benefit of the doubt regarding persistent left arm limitations. The recent medical evidence of record documents recurring radiculopathy in his left upper extremity.

(*Id*. at 3.) ALJ Bright cited *Albright v. Commissioner of Social Security Administration*, 174 F.3d 473 (4th Cir. 1999), as controlling how much weight to give a prior administrative finding. (*Id*.)

On June 9, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (*Id*. at 3); *see* 42 U.S.C. §§ 405(g) & (h), 1383(c)(3); 20 C.F.R. § 404.981. Plaintiff then sought review of ALJ Bright's decision in this Court, filing his Complaint on May 16, 2021. (ECF No. 1.)

The Magistrate Judge considered the challenges brought by Plaintiff. In the Complaint, Plaintiff claimed that the "conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." (Compl. ¶ 8.) In his motion for summary judgment, Plaintiff raised the following issues: "The ALJ's weighing of the non-

4

examining opinions is materially inconsistent with [her] analysis of the previous ALJ's decision; the ALJ has insufficiently supported her assessment of Dr. Barley's opinion; and the record, as it stands, is not sufficient to substantially support a finding of not disabled." (Pl.'s Mem. Supp. Mot. Summ. J. at 1, ECF No. 18; *see also* R&R at 3.)

The Magistrate Judge addressed Plaintiff's arguments that "ALJ Bright improperly weighed the state agency consultants' opinion and the 2019 ALJ Decision," and that "the ALJ insufficiently supported her assessment of a treating physician's opinion, and that the record is insufficiently developed." (R&R at 3 (citing Pl.'s Mem. Supp. Mot. Summ. J. at 1).) In response, "[t]he Commissioner disagree[d] with each of these points, arguing that the ALJ properly evaluated the prior medical findings, the 2019 ALJ Decision, and the treating physician's opinion, and that the record contained sufficient evidence of Plaintiff's impairment." (*Id*. at 3-4 (citing Def.'s Mem. Supp. Mot. Summ. J. at 15, ECF No. 21).) The Magistrate Judge reviewed the record, considered each of the arguments, and found no error in the ALJ's analysis. He determined that "the ALJ appropriately evaluated the state agency consultants' opinions and the 2019 ALJ Decision for consistency with recent medical evidence, and appropriately evaluated Dr. Barley's opinions in conformity with the controlling regulations." (R&R at 12.) He also determined that "[t]he record was also sufficiently developed to support the ALJ's RFC formulation." (*Id*.) Thus, the Magistrate Judge concluded that remand was not warranted and recommended that the Court affirm the Commissioner's decision. (*Id*.)

Accordingly, the Magistrate Judge recommended to the Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (*Id.* at 27); *see* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On March 1, 2022, Plaintiff filed his Objections to the Magistrate Judge's R&R. (Obj., ECF No. 24.) Plaintiff sets forth his Objections as:

> 1. This Court should reject the Magistrate Judge's finding that ALJ Bright appropriately considered the prior ALJ decision and the opinion evidence in light of subsequent record evidence indicating worsening. (*Id*. at 1.)
> 2. This Court should reject the Magistrate Judge's finding that ALJ Bright appropriately considered Plaintiff's treatment. (*Id*. at 2.)
> 3. This Court should reject the Magistrate Judge's finding that ALJ bright appropriately considered Plaintiff's activities. (*Id*.)

Regarding the first Objection, Plaintiff contends that the harm that "resulted from the perceived inconsistency between ALJ Bright's analyses of the opinions . . . is that ALJ Bright only reduced Plaintiff's RFC to sedentary (with other limitations) *without supporting why there were not further, debilitating, limitations* as found by Dr. Barley." (*Id*. at 1 (emphasis in original).) He argues that "the inconsistency is that ALJ Bright found both significant change and a lack of significant change," and that "[i]t is irrelevant whether ALJ Bright rejected the prior ALJ decision in whole or in part." (*Id*. at 2.)

Regarding the second Objection, Plaintiff argues that "the mere non-presence of surgery is not meaningful evidence," and that "no physician of record condemned Plaintiff's decision to try other treatments before surgery, and later physicians advised against surgeries . . . without indicating that such advice was due to improvement." (*Id*.) Regarding the third Objection, Plaintiff contends that ALJ Bright "has not adequately contradicted this evidence that was presented to her." (*Id*. at 3.)

Defendant disagrees with the Objections and contends that they have no merit. In her response, Acting Commissioner Kijakazi contends first that "Plaintiff has improperly reasserted many of the same arguments that he asserted in his motion, accompanying memorandum, and reply brief, all of which were before Magistrate Judge Miller when he issued the R&R." (Resp. to

Obj. at 2-3, ECF No. 25.)  Defendant contends that "[b]ecause Plaintiff merely rehashes the arguments contained in his opening and reply briefs, his objections 'are tantamount to failing to object at all.'" (*Id*. at 3 (citing *Johnson v. Wilson*, No. 3:16cv992, 2018 WL 1023356, at *8 (E.D. Va. Feb. 22, 2018)).)  Defendant argues that the Court should, therefore, overrule the Objections on that basis and affirm the final decision of the Commissioner.  Despite that position, Defendant also addresses the Objections individually.

Defendant contends that the "first Objection should be overruled because Magistrate Judge Miller correctly found that any perceived inconsistency between the ALJ's treatment of the prior ALJ and her treatment of the state agency consultant opinions was harmless." (*Id*. at 4.)  Defendant contends that Judge Miller "explained in detail [how] the ALJ appropriately weighed Dr. Barley's opinion" and "appropriately discounted Dr. Barley's opinion based on an important factor: consistency." (*Id*.)  She contends that "there was no showing of harm" and that Dr. Barley's opinion "was appropriately evaluated by the ALJ." (*Id*. at 5.)

Defendant contends that the "second objection should be overruled because ALJ Bright appropriately considered Plaintiff's treatment." (*Id*.)  Defendant notes that "courts routinely hold that there is substantial evidence supporting the ALJ's decision in cases where the ALJ considered the plaintiff's conservative course of treatment and lack of surgeries as evidence that the plaintiff was not disabled." (*Id*. at 5-6 (citing cases).)  She contends that, "as Magistrate Judge Miller found, the ALJ appropriately considered the nature of Plaintiff's treatment in her analysis." (*Id*. at 6.)

Defendant contends that the "third objection should be overruled because ALJ Bright appropriately considered Plaintiff's activities." (*Id*.)  She contends that, "as Magistrate Judge Miller explained, activities of daily living are useful to show an individual's ability to perform work-related activities, which was the case here." (*Id*. at 7.)  Moreover, she argues, "[a]s Magistrate Judge Miller concluded, Plaintiff's daily activities, considered as a whole, supported the ALJ's

7

finding that Plaintiff was not as limited as Dr. Barley opined." (*Id*. at 8.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In 2019, the Supreme Court confirmed that the substantial-evidence standard "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It explained that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. Even more recently, in 2020, the Supreme Court reaffirmed that the substantial-evidence standard is "highly deferential," explaining that "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citing 8 U.S.C. § 1252).

The Court cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"); *Nasrallah*, 140 S. Ct. at 1692 (referring to the standard as "highly deferential"). "A factual finding by the ALJ is not

binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard, having reviewed the record, Plaintiff's Objections, and the Magistrate Judge's detailed R&R, this Court finds that the Magistrate Judge applied the proper standard and that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly considered and rejected by the Magistrate Judge. Accordingly, Plaintiff's Objections will be overruled.

For these reasons, the Court hereby ACCEPTS and ADOPTS the Magistrate Judge's R&R (ECF No. 23). Plaintiff's Motion for Summary Judgment (ECF No. 17) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 20) will be granted. The final decision of the Commissioner will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

                                                                                             /s/
                                                                 Roderick C. Young
                                                           United States District Judge

Richmond, Virginia
Date: May 2, 2022